IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRESTON KELLY                    :
                                 :
        Petitioner               :    CIVIL ACTION
                                 :
    vs.                          :
                                 :    NO. 06-CV-4082
EDWARD KLEM, ET AL.              :
                                 :
        Respondents              :

## ORDER

AND NOW, this 7th day of July, 2007, it is hereby ORDERED that, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and petitioner's objections thereto:

1.  The Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] Kelly was sentenced to life in prison on February 5, 1991 after pleading guilty to murder, robbery, and criminal conspiracy. He filed the instant petition on September 12, 2006, approximately thirteen years later. There is a one-year statute of limitations on federal habeas corpus petitions. 28 U.S.C. § 2244(d). Because that limitation was instituted in 1996, the Third Circuit holds that petitions relating to events prior to the 1996 enactment shall run from the enactment date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998). Under that standard, Kelly's petition is over nine years late.

Kelly objects to the Report & Recommendation on the grounds that (1) his trial counsel's failure to file an appeal has prevented him from asserting his rights in an "extraordinary" way; and (2) he has put forth extraordinary effort in discovering his attorney's failure (thereby presumably entitling him to equitable tolling of his filing deadlines on reasonable diligence grounds). Kelly's objections refer the Court to his Memorandum in Support of Habeas Petition (Document No. 8), in which he asserts that he and his family spent "many years" attempting to contact plea counsel in order to learn the status of his appeal.

The Third Circuit has only applied equitable tolling to allow an untimely petitioner to proceed in four narrow circumstances, see Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), and has instructed that equitable tolling is to be invoked "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). The petitioner's exercise of "reasonable diligence" is critical in determining whether to apply equitable tolling. See Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007). On a record in which Kelly is nine years late in filing his petition, it is impossible to say that he acted with reasonable diligence. See Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) (finding no reasonable diligence when petitioner delayed one year and eight months). Kelly's petition is therefore dismissed as untimely.

2. The Petition for Writ of Habeas Corpus is DENIED.

3. There is no basis on which to issue a certificate of appealability.

IT IS FURTHER ORDERED that judgment is entered on behalf of respondents and against petitioner. The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

_____
THOMAS M. GOLDEN, J.